IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NEIL WALKER, # 095197, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15cv658-MHT |
| | ) | (WO) |
| CARTER DAVENPORT, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

State prisoner Neil Walker ("Walker") styles this *pro se* filing as a "Petition for Writ of Habeas Corpus Pursuant to [28 U.S.C.] § 2241 for Relief and Restoration of Civil and Political Rights."  In his petition, Walker challenges his 1994 murder conviction entered against him by the Circuit Court of Houston County, Alabama.  He claims he did not commit the offense of murder, but instead only transported the body of the already deceased victim across state lines (from Florida to Alabama) and burned the body.  The court finds Walker's petition constitutes a successive § 2254 petition for habeas corpus relief filed without the required appellate court permission.

**I.   DISCUSSION**

Walker challenge his state conviction, and he is in custody under the judgment of an Alabama court.  Therefore, 28 U.S.C. § 2254 applies to his petition despite his designating it as one filed under 28 U.S.C. § 2241.  *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003); *Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004).  "A state prisoner cannot

evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." *Thomas*, 371 F.3d at 787.  Accordingly, this court must apply the procedural restrictions applicable to § 2254 petitions to Walker's petition.

Under 28 U.S.C. § 2244(b)(3)(A), before a second or successive § 2254 petition is filed in the district court, the applicant must "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[1]  28 U.S.C. § 2244(b)(3)(B) & (C).

---

[1] Section 2244(b)(1) provides:

A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

28 U.S.C. § 2244(b)(1).

Section 2244(b)(2) provides:

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

(A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(continued...)

This court's records indicate that on November 27, 2001, Walker filed a previous habeas petition under 28 U.S.C. § 2254 challenging the same 1994 murder conviction he challenges by his current petition.  *See Walker v. State of Alabama, et al.*, Civil Action No. 1:01cv1383-MEF.  In that prior habeas action, this court denied Walker relief and dismissed his petition with prejudice.  *Id*., Doc. Nos. 71 & 74.  The final judgment was entered by the district court on April 4, 2003.  *Id*, Doc. No. 75.

Walker filed a second petition for writ of habeas corpus under 28 U.S.C. § 2254 on February 17, 2010.  *See Walker v. State of Alabama, et al.*, Civil Action No. 1:10cv124-TMH.  This court summarily dismissed that petition as a successive habeas application filed without the appellate court permission required by under 28 U.S.C. § 2244(b)(1)-(3).  Civil Action No. 1:10cv124-TMH, Doc. Nos. 4 & 7.  The final judgment was entered by the district court on March 12, 2010.  *Id*., Doc. No. 8.

Walker has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider his current successive application for

---

[1](...continued)

       (B)(i)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

       (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

habeas relief.  Because this undertaking is a successive habeas corpus petition and because Walker has no permission from the appellate court to file a successive habeas petition, this court lacks jurisdiction to grant the requested relief.  *See Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).  Consequently, the petition is due to be denied and this case summarily dismissed.  *Id*. at 934.

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1.  The instant petition for habeas corpus relief filed by Walker be DENIED.

2.  This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A), as Walker has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **October 5, 2015**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the

4

District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 21st day of September, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE